UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TONY H., | Case No. 2:23-cv-02046-NJK |
| Plaintiff(s), | **ORDER** |
| v. | [Docket No. 13] |
| CAROLYN COLVIN, | |
| Defendant(s). | |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Title XVI of the Social Security Act. Currently before the Court is Plaintiff's opening brief seeking remand. Docket No. 13. The Commissioner filed a responsive brief in opposition. Docket No. 15. No reply was filed. The parties consented to resolution of this matter by the undersigned magistrate judge. *See* Docket Nos. 3-4.

**I.    STANDARDS**

    A.    Disability Evaluation Process

The standard for determining disability is whether a social security claimant has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(3)(A). That determination is made by following a five-step sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). The first step addresses whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] The second step addresses whether the claimant has a medically

---

[1] The five-step process is largely the same for both Title II and Title XVI claims. For a Title II claim, however, a claimant must also meet insurance requirements. 20 C.F.R. § 404.130.

determinable impairment that is severe or a combination of impairments that significantly limits basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). The third step addresses whether the claimant's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. There is then a determination of the claimant's residual functional capacity, which assesses the claimant's ability to do physical and mental work-related activities. 20 C.F.R. §§ 404.1520(e), 416.920(e). The fourth step addresses whether the claimant has the residual functional capacity to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The fifth step addresses whether the claimant is able to do other work considering the residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g).

### B. Judicial Review

After exhausting the administrative process, a claimant may seek judicial review of a decision denying social security benefits. 42 U.S.C. § 405(g). The Court must uphold a decision denying benefits if the proper legal standard was applied and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.*

## II. BACKGROUND

### A. Procedural History

On August 16, 2021, Plaintiff filed an application for disability benefits with an alleged onset date of June 1, 2021. *See, e.g.*, Administrative Record ("A.R.") 249-55. On January 4, 2022, Plaintiff's application was denied initially. A.R. 152-56. On July 6, 2022, Plaintiff's claim was denied on reconsideration. A.R. 165-67. On July 25, 2022, Plaintiff filed a request for a hearing before an administrative law judge. A.R. 171-73. On February 7, 2023, Plaintiff, Plaintiff's representative, and a vocational expert appeared for a hearing before ALJ Arthur Zeidman. *See* A.R. 39-56. On February 21, 2023, the ALJ issued an unfavorable decision finding that Plaintiff

had not been under a disability through the date of the decision. A.R. 20-38. On October 24, 2023, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. A.R. 1-7.

On December 11, 2023, Plaintiff commenced this suit for judicial review. Docket No. 1.

B.   The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920. A.R. 26-34. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date. A.R. 27. At step two, the ALJ found that Plaintiff has the following severe impairments: epilepsy versus psychogenic seizure disorder; status-post bipolar affective disorder; depressive disorder; anxiety disorder or panic disorder; and status-post attention-deficit hyperactivity disorder. A.R. 27-28. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 28-30. The ALJ found that Plaintiff has the residual functional capacity to

> perform a full range of work at all exertional levels but with the following nonexertional limitations: No exposure to hazards such as unprotected heights and dangerous moving mechanical machinery. The claimant can understand, remember, and carry out only simple instructions; using judgment: able to make simple work-related decisions; changes in work setting: only occasional changes in routine; able to perform simple work tasks with brief and superficial interactions with all others in the workplace.

A.R. 30-32. At step four, the ALJ found Plaintiff had no past relevant work. A.R. 32. At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on his age, education, work experience, and residual functional capacity. A.R. 33. In doing so, the ALJ defined Plaintiff as a younger individual aged 18-49 as of the date the application was filed with at least a high school education. A.R. 32. The ALJ found the transferability of job skills to be immaterial. A.R. 32. The ALJ considered Medical Vocational Rules, which provide a framework for finding Plaintiff not disabled, along with vocational expert testimony that an individual with the same residual functional capacity and vocational factors could perform work as a cleaner housekeeping, industrial cleaner, or kitchen helper. A.R. 33.

3

1  Based on all of these findings, the ALJ found Plaintiff not disabled since the date the
2  application was filed. A.R. 33.

3  **III.  ANALYSIS**

4  Plaintiff raises two arguments on appeal, whether the ALJ erred in discounting his own
5  testimony and whether the ALJ erred in considering nonmedical source statements. The Court
6  will address each argument in turn.

7  A.   Plaintiff's Testimony

8  Plaintiff argues that the ALJ improperly discounting his testimony, indicating that the ALJ
9  "rejected the persistence and limiting effects of [Plaintiff's] impairments *solely* based on a lack of
10 support in the objective medical evidence of record." Docket No. 13 at 9 (emphasis added). The
11 Commissioner responds that Plaintiff has mischaracterized and ignored the ALJ's actual decision,
12 which properly discounted his testimony on grounds including the effectiveness of treatment,
13 contradiction with the medical record, and failure to seek or follow a prescribed course of
14 treatment. Docket No. 15 at 3-5. The Commissioner is correct.

15 The ALJ is required to engage in a two-step analysis to evaluate a claimant's testimony as
16 to pain and other symptoms: (1) determine whether the individual presented objective medical
17 evidence of an impairment that could reasonably be expected to produce some degree of pain or
18 other symptoms alleged; and (2) if so, whether the intensity and persistence of those symptoms
19 limit an individual's ability to perform work-related activities. *See* Social Security Ruling 16-3p.
20 In the absence of evidence of malingering, an ALJ may only reject a claimant's testimony about
21 the severity of symptoms by giving specific, clear, and convincing reasons. *See Vasquez v. Astrue*,
22 572 F.3d 586, 591 (9th Cir. 2009). Factors that an ALJ may consider include inconsistent daily
23 activities, an inconsistent treatment history, and other factors concerning the claimant's functional
24 limitations. *See* Social Security Ruling 16-3p. If an ALJ's determination to discount a claimant's
25 testimony is supported by substantial evidence, a court should not second-guess that determination.

*Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012).[2]  "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2017) (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)).

In this case, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but the ALJ discounted Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms. A.R. 35. In particular, the ALJ found that Plaintiff's epilepsy was controlled with treatment. A.R. 35. The ALJ also found that Plaintiff's psychiatric examinations consistently included normal findings of intact judgment, insight, mood, and affect; that Plaintiff was not considered at risk due to his depression; and that a review of systems noted no psychological symptoms. A.R. 35. In addition, the ALJ recognized that Plaintiff was not currently seeing a psychiatrist. A.R. 35.

As the Commissioner explains in her brief, these findings are supported by substantial evidence and are legally permissible considerations. *See* Docket No. 15 at 3-5. On the other side of the ledger, Plaintiff provides no argument at all concerning the ALJ's articulated reasoning. *See* Docket No. 13. Instead, Plaintiff mischaracterizes the ALJ's decision as having discounted Plaintiff's testimony "*solely* based on a lack of support in the objective medical evidence of record." Docket No. 13 at 9 (emphasis added).[3] Having provided no argument regarding the actual

---

[2] The regulations previously asked the ALJ to assess "credibility." Social Security Ruling 96-7p. The regulations now require the ALJ to "evaluate" the claimant's statements. Social Security Ruling 16-3p. This change does not alter the deferential nature of the Court's review.

[3] That the medical record is inconsistent with a claimant's testimony is different than the medical record lacking objective evidence supporting the claimant's testimony:

> Claimants [] sometimes mischaracterize *Burch*[, which forbids rejecting a claimant's testimony based solely on a lack of supporting objective evidence,] as completely forbidding an ALJ from using inconsistent objective medical evidence in the record to discount subjective symptom testimony. That is a misreading of *Burch*. When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony. We have upheld ALJ decisions that do just that in many cases.

*Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) (collecting cases).

5

reasons the ALJ discounted Plaintiff's testimony (i.e., effectiveness of treatment, lack of treatment, and inconsistency with the record), Plaintiff has waived the issue on appeal. *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997).[4]

### B. Nonmedical Source Statements

Plaintiff argues that the ALJ failed to explain why he discounted the nonmedical source statement of Plaintiff's girlfriend, Julie Felicetta. *See* Docket No. 13 at 12-17. The Commissioner responds that the ALJ was not required under current regulations to articulate his consideration of this statement and, even under prior regulations, remand is unwarranted because Felicetta's statement was similar to Plaintiff's testimony that was properly discounted for the reasons discussed above. Docket No. 15 at 5-6. The Commissioner is correct.

The ALJ stated explicitly that Felicetta's statement was considered. A.R. 31. Under the current regulations, the ALJ was not required to articulate how he consider nonmedical sources. *See, e.g.*, *Fryer v. Kijakazi*, 2022 WL 17958630, at *3 n.1. (9th Cir. Dec. 27, 2022). Even under the prior regulations, explicit reasoning to discount the statement was not required since it was similar to Plaintiff's testimony that was properly discounted for the reasons discussed above. *See, e.g.*, *Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012).

## IV. NOTICE TO COUNSEL

This case follows a worrying trend in which counsel appeals a denial of social security benefits by arguing that the ALJ improperly discounted the claimant's testimony, but then fails to acknowledge on appeal the reasoning provided by the ALJ in discounting that testimony. *See, e.g.*, *Mary H. v. Colvin*, Case No. 2:24-cv-00237-NJK, Docket No. 16 (D. Nev. Jan. 15, 2025); *see*

---

[4] Plaintiff contends that the ALJ failed to identify the testimony he discounted and to tie the evidence in the record to that finding. Docket No. 13 at 10. The Court need not address issues raised in cursory fashion. *See, e.g.*, *Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003). Even were the Court to consider this argument, however, it fails on its merits because the reasoning is sufficiently stated. *Cf. Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

*also, e.g.*, *Sartor v. Colvin*, 2015 WL 5980617, at *6 (D. Nev. Aug. 10, 2015) (collecting cases).[5] This case marks the end of the warnings that will be provided for these Rule 11 issues. **Counsel should anticipate moving forward that significant repurcussions, including monetary sanctions, will result from similar misconduct.**

V.  CONCLUSION

The decision below is **AFFIRMED**. The Clerk's Office is instructed to **ENTER FINAL JUDGMENT** accordingly and to **CLOSE** this case.

IT IS SO ORDERED.

Dated: January 17, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[5] These half-hearted appeals are being brought without the ordinary deterrent effect of paying the filing fee. *See* Docket No. 1 (application to proceed *in forma pauperis*); *see also Neitzke v. Williams,* 490 U.S. 319, 327 (1989) (noting need to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the cost of bringing suit").

7